## United States District Court
## District of Massachusetts

_____
                                   )
**DARRYL DOWDELL,**                )
       **Petitioner,**   )
                                   )
       **v.**            )      **Civil No.**
                                   )      **10-11806-NMG**
**UNITED STATES,**                 )
       **Respondent.**   )
_____ )

### MEMORANDUM & ORDER

**GORTON, J.**

On May 31, 2007, Darryl Dowdell ("Dowdell" or "petitioner") was convicted in this Court of one count of distributing cocaine base and sentenced to 198 months imprisonment. On direct appeal to the United States Court of Appeals for the First Circuit, Dowdell asserted that 1) the delay between his indictment by state authorities and his ultimate trial in federal court violated his Sixth Amendment speedy trial rights and the Interstate Agreement on Detainers ("IAD"), 2) the district court's amendment of the indictment from "cocaine" to "cocaine base" violated the presentment clause of the Fifth Amendment and 3) the trial court abused its discretion on various evidentiary rulings. His conviction was affirmed on February 17, 2010.

On October 21, 2010, Dowdell filed a timely motion to vacate his conviction pursuant to 28 U.S.C. § 2255 on the grounds that he was deprived of his Sixth Amendment right to effective

assistance of counsel by attorneys Robert Murray (Ground One),

Victoria Bonilla (Ground Two) and Kevin Barron (Ground Three).

The government filed a preliminary memorandum seeking the

summary dismissal of Grounds One and Two of the motion to vacate.

It noted therein:

> This preliminary memorandum is not intended to be a
> comprehensive response to the 2255 Petition but merely
> one which raises summary disposition issues on the IAD
> claims in a manner the government hopes will be helpful
> to the Court. If the Court concludes that a more formal
> response is required, the government will of course do so
> and will fully brief all grounds on which the requested
> relief should be denied.

Petitioner has since moved for an order requiring the government

to file a status report detailing its efforts to file a response

to Ground Three of his petition.

The government moved to compel the testimony of third-party

counsel and the production of certain documents pertaining to

petitioner's motion to vacate.  Oppositions have been filed by

the third-party attorneys from whom the government seeks

discovery.  On January 31, 2011, petitioner moved for leave to

file a partial amendment of his motion to vacate, which the

government has opposed.

The § 2255 petition and related motions are pending before

the Court.

I.   **Standard of Review**

Section 2255 of Title 28 of the United States Code is the

mechanism by which a prisoner in federal custody who was

convicted in federal district court and whose conviction was

upheld on direct review by a federal court of appeals may

collaterally challenge his conviction.  When presented with a

§ 2255 petition, the federal district court with jurisdiction

over the case will "vacate, set aside or correct the sentence" if:

> the sentence was imposed in violation of the Constitution
> or laws of the United States, . . . the court was without
> jurisdiction to impose such a sentence, or . . . the
> sentence was in excess of the maximum authorized by law,
> or is otherwise subject to collateral attack.

28 U.S.C. § 2255(a).  In light of the fact that a § 2255

petitioner has already had his conviction and sentence reviewed

by a federal court, collateral relief under § 2255 is "an

extraordinary remedy, available only on a sufficient showing of

fundamental unfairness." Singleton v. United States, 26 F.3d 233,

236 (1st Cir. 1994).  To avoid duplicative litigation, § 2255

relief is not available for issues that were decided on direct

appeal. Id. at 240.

    The Rules Governing Section 2255 Proceedings for the United

States District Courts set forth a three-step process for

reviewing § 2255 motions: 1) preliminary screening, 2) review to

determine the necessity of holding an evidentiary hearing after

discovery and expansion of the record and 3) decision following

an evidentiary hearing.  A district court will deny the motion at

the preliminary screening stage if "it plainly appears from the

motion, any attached exhibits, and the record of prior proceedings

that the moving party is not entitled to relief." Rule 4(b).  The
First Circuit has described this standard as similar to the one
governing Rule 12(b)(6) motions to dismiss under the Federal
Rules of Civil Procedure, explaining that a § 2255 petition
should be summarily dismissed

> if the [movant's] allegations, accepted as true, would
> not entitle [him] to relief, or if the allegations cannot
> be accepted as true because they are contradicted by the
> record, inherently incredible, or conclusions rather than
> statements of fact.

Dziurgot v. Luther, 897 F.2d 1222, 1225 (1st Cir. 1990).

If a motion is not dismissed at the preliminary screening
stage, the district court will order the United States to
respond. Rules 4(b) and 5.  The court may also 1) order discovery
upon a showing of "good cause," 2) direct parties to submit
additional materials to expand the record and 3) hold an
evidentiary hearing, if warranted. Rules 6, 7 and 8.  Judges
sitting in review of § 2255 petitions are

> at liberty to employ the knowledge gleaned during
> previous proceedings and make findings based thereon
> without convening an additional hearing.

United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).
Indeed, evidentiary hearings on § 2255 petitions "are the
exception, not the norm," and petitioners bear a "heavy burden"
to demonstrate that one is warranted. Moreno-Morales v. United
States, 334 F.3d 140, 145 (1st Cir. 2003).

## II.  Preliminary Screening

-4-

The United States contends that the petitioner is plainly
not entitled to relief, at least with respect to Grounds One and
Two, because petitioner's IAD claim was already found by the
First Circuit to be without merit and cannot be re-litigated
under the guise of a Sixth Amendment challenge.  This Court agrees.

On direct appeal, the First Circuit considered and rejected
petitioner's claim that the delay between his state indictment
and federal trial violated the IAD. United States v. Dowdell, 595
F.3d 50, 63-66 (1st Cir. 2010).  By failing to assert his IAD
rights in a timely manner or even bring them to the attention of
the trial court, Dowdell forfeited those rights on appeal. Id. at
64.  The First Circuit went on to find that Dowdell did not have
a colorable IAD claim when he filed his speedy trial motion and,
by requesting multiple continuances, Dowdell "may very well have
waived [the claim] altogether." Id. at 65-66.  To summarize, the
First Circuit ruled that Dowdell did not have a colorable IAD
claim but, assuming arquendo that he did, he either waived or
forfeited it.

Seeking yet another bite at the apple, petitioner has asked
this Court to vacate his sentence on the related grounds that
Attorneys Murray and Bonilla were constitutionally ineffective
because they failed to investigate, assert and preserve his IAD
rights.  It is settled law that a petitioner may not revive
claims already decided on direct appeal by cloaking them in

"ineffective assistance of counsel" garb in a § 2255 petition.
See United States v. Michaud, 901 F.2d 5, 6 (1st Cir. 1990) (per
curiam) (dismissing claims raised in a § 2255 motion because they
were "decided on direct appeal and may not be relitigated under a
different label on collateral review"); Ruiz v. United States,
221 F. Supp. 2d 66, 86 (D. Mass. 2002) (dismissing ineffective
assistance of counsel claim in petitioner's § 2255 motion because
the underlying substantive violation had already been decided by
the First Circuit).  Petitioner's attempt to do the same here
does not resonate.

Even if that were not the case, however, petitioner could
not demonstrate the requisite prejudice to establish his
ineffective assistance of counsel claim because, as the First
Circuit made clear, 1) he never had a colorable IAD claim in the
first place and 2) he likely waived any IAD claim he might have
had by replacing his counsel every few months and thereby
postponing the trial date until May 2007.

Conversely, petitioner's remaining claim, that Attorney
Kevin Barron coerced Dowdell into forgoing his right to testify
in his defense and thereby violated petitioner's Fifth and Sixth
Amendment rights, has not yet been litigated and would otherwise
be eligible for review if the Court determines that it may
entitle petitioner to the relief he seeks.  Before turning to the
specifics of petitioner's claim, a brief survey of the case law

-6-

is in order.

It is apodictic that "[u]naccompanied by coercion, legal advice concerning exercise of the right to testify infringes no right." Lema v. United States, 987 F.2d 48, 52 (1st Cir. 1993). In divining the line between "earnest counseling and overt coercion," courts are obliged to consider:

> (1) whether the defendant knew about his constitutional right to testify, and if not, whether he was informed by counsel; (2) the competence and soundness of defense counsel's tactical advice, i.e., whether counsel presents the defendant with sufficient information to permit a "meaningful" voluntary waiver of the right to testify; and (3) any intimidation or threatened retaliation by counsel relating to the defendant's testimonial decision.

Id. at 53-54 (internal citations omitted).

To determine whether petitioner's allegations, if true, entitle him to relief, it is worth reviewing similar instances in which § 2255 petitioners accused their trial counsel of being constitutionally deficient for advising them against testifying or preventing them from doing so.  In McCann v. United States, 528 F. Supp. 2d 4, 6-8 (D. Mass. 2008), the petitioner sought to vacate his sentence on the grounds that defense counsel strongly urged him to refrain from testifying prior to trial and informed him at trial, after petitioner stated "I must testify," that he "could not" do so and risk exposing his numerous prior convictions.  The Court summarily dismissed the claim for two reasons.  First, the Court recognized that allowing such claims would essentially permit defendants to manufacture trial error:

-7-

> Criminal defendants cannot assure themselves a new trial
> by making this sort of brief, injudicious remark and then
> complaining that the failure of their attorney to change
> course immediately constituted ineffective assistance of
> counsel.

Id. at 6.  Second, the Court concluded that petitioner could not

demonstrate prejudice because the essence of his potential

testimony, presented to the Court at sentencing, was "utterly

inconsistent" with the evidence presented at trial. Id. at 7.

In Osorio-Norena v. United States, 658 F. Supp. 2d 266, 273

(D. Mass. 2009), which involved a substantially similar situation,

the Court reached the same result.  After surveying the record,

the Court concluded that the petitioner knew he could testify but

was "strategically dissuaded from so doing by defense counsel."

Id.  The Court did not credit petitioner's version of events,

which was uncorroborated and consisted of conclusory allegations.

Id.  Given those circumstances and the fact that counsel did not

"compel" petitioner to waive his right to testify, the Court held

that an evidentiary hearing was not warranted. Id.; see also

Siciliano v. Vose, 834 F.2d 29, 30-31 (1st Cir. 1987) (holding

that petitioner was not entitled to an evidentiary hearing where

the record indicated that petitioner knew he could testify but

counsel strongly advised against it).

Dowdell claims that he informed Attorney Baron, his trial

counsel, that he wanted to testify to explain to the jury that he

was at a cookout at the time of the drug transaction.  According

to the petitioner, Attorney Baron denied his request to take the stand and informed him that if he insisted upon testifying, he would need to find another attorney to represent him.  The issue is whether Attorney Barron's alleged threat amounted to coercion which might give petitioner grounds for an ineffective assistance of counsel claim.  Although petitioners in <u>McCann</u>, <u>Osorio-Norena</u> and <u>Siciliano</u> were denied relief under similar circumstances, the added indicia of coercion was absent in those cases.  Whether it has been sufficiently developed here is for the Court to determine.

Petitioner does not support his claim with any corroborating evidence, nor does he explain why, if the circumstances were as alleged, he did not bring the matter to the attention of the Court.  Dowdell was constantly critical of his appointed counsel before, during and after trial and did not hesitate to request new counsel when he disagreed with them.  In any event, petitioner's trial was in this Session and the Court is convinced that his testimony would not have made a difference in light of the overwhelming evidence of his guilt.

Nevertheless, out of an abundance of caution, the Court will exercise its discretion under Rule 7 of the Rules Governing Section 2255 Proceedings and direct Attorney Barron to submit an affidavit addressing 1) the factors bearing upon the decision not to put Dowdell on the stand and 2) whether he threatened to withdraw from the case if Dowdell insisted on testifying.

III. **Discovery Motions**

The government has moved to compel the testimony of third-party counsel and the production of certain documents in their possession on the grounds that the information gleaned from such discovery is necessary to defend against petitioner's claim of ineffective assistance of counsel.  Specifically, the government seeks documents "which concern, refer, or relate to" the issues raised in petitioner's motion to vacate as well as affidavits from the attorneys who represented Dowdell recounting the efforts made in his defense.  The government makes this request of the following four attorneys who represented Mr. Dowdell during the corresponding periods before, during and after his trial:

    1) Robert Murray (March 22, 2005 to February 14, 2006),
    2) Victoria Bonilla (March 2, 2006 to September 14, 2006),
    3) Kevin Barron (November 28, 2006 to November 1, 2007) and
    4) Charles Rankin (August 26, 2008 to present).

The Court perceives that much of the requested discovery is rendered moot by its summary dismissal of Grounds One and Two of the motion to vacate and its Rule 7 discovery order.  If, after receiving the aforementioned affidavit of Attorney Barron, the Court determines that further discovery is required, it will act accordingly.

IV. **Motion for Leave to Amend**

Petitioner has moved for leave to file a partial amendment of his motion to vacate.  Apparently, petitioner does not seek to add an additional ground but rather requests permission to

supplement the argument stated in his initial § 2255 petition. The government has opposed that motion on the grounds that petitioner failed to attach a draft of the amended petition. Petitioner later renewed his motion for leave to amend and attached a supplemental memorandum of law, which this Court presumes contains the supplemental argument at issue. Because that argument pertains to petitioner's IAD claims, which will be dismissed in any event, petitioner's motion for leave will be denied as moot.

**V.    <u>Motion for Status Report</u>**

Finally, petitioner requests that the Court direct the government to file a status report detailing its efforts to file a responsive pleading to Ground Three of his § 2255 petition. Pursuant to Rule 5(a) of The Rules Governing Section 2255 Proceedings, the respondent is not required to answer the petition unless a judge so orders. Because this Court has not yet ordered the government to file a responsive pleading to Ground Three, the government is under no independent obligation to do so and petitioner's motion will be denied.

**ORDER**

In accordance with the foregoing,

1)    Grounds One and Two of petitioner's motion to vacate are summarily dismissed;

2)    Attorney Kevin Barron is directed to file an affidavit with this Court on or before the close of business on Friday, May 11, 2012, addressing a) the factors bearing

upon the decision whether to put Dowdell on the stand
at his trial and b) whether he threatened to withdraw
as counsel if Dowdell insisted on testifying;

3)    The discovery motions (Docket Nos. 185, 186, 189, 190,
      192, 193 and 196) are all **DENIED** without prejudice;

4)    Petitioner's motions to amend (Docket Nos. 202 and 203)
      are **DENIED** as moot; and

5)    Petitioner's motion for a status report (Docket No.
      208) is **DENIED**.

**So ordered.**

                              /s/ Nathaniel M. Gorton
                              Nathaniel M. Gorton
                              United States District Judge

Dated April 13, 2012

-12-